1

**THE LAW OFFICES OF JOSEPH R. MANNING, JR.**
**A PROFESSIONAL CORPORATION**
Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Email: joe@manninglawoffice.com
Michael J. Manning, Esq. (State Bar No. 286879)
Email: mike@manninglawoffice.com
Phillip B. Nghiem, Esq. (State Bar No. 291525)
Email: philn@manninglawoffice.com
4667 MacArthur Boulevard, Suite 150
Newport Beach, CA 92660
Telephone: (949) 200-8755
Fax: (866) 843-8308

2

3

4

5

6

7

Attorneys for Plaintiff
JACQUELINE TAYLOR

8

9

## UNITED STATES DISTRICT COURT

10

## CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| JACQUELINE TAYLOR, | Case No.: |
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF:** |
| vs. | |
| SANTANDER CONSUMER USA, INC., D/B/A CHRYSLER CAPITAL,LLC and Does 1 through 10, inclusive, | 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] |
| Defendant. | 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] |
| | **JURY TRIAL DEMANDED** |

12

13

14

15

16

17

18

19

20

21

22

23          Plaintiff JACQUELINE TAYLOR ("Plaintiff") alleges the following upon

24    information and belief based upon personal knowledge:

25                               **INTRODUCTION**

26          1.     This case arises from the illegal actions of SANTANDER CONSUMER

27    USA, INC., D/B/A CHRYSLER CAPITAL, LLC ("CHRYSLER" or "Defendant") in

28    negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular

1  telephone in violation of the Telephone Consumer Protection Act, *47 U.S.C. § 227 et*

2  *seq.* ("TCPA"), thereby invading Plaintiff's privacy.

3  **<u>PARTIES</u>**

4  2.  Plaintiff, JACQUELINE TAYLOR ("Plaintiff"), is a natural person

5  residing in the State of California, and is a "person" as defined by 47 U.S.C. § 153

6  (39).

7  3.  Plaintiff is informed and believes, and thereon alleges, that CHRYSLER

8  is, and at all times mentioned herein was, a company whose primary office address is

9  1601 Elm Street, Suite 800, Dallas, TX 75201.

10  4.  Defendant CHRYSLER is, and at all times mentioned herein, conducted

11  business in the State of California, and within this judicial district.

12  5.  CHRYSLER regularly does business in the State of California by issuing

13  lines of credit to individuals, including California residents and regularly contacting

14  residents therein in attempt to collect upon the lines of credit.

15  6.  Plaintiff is informed and believes and upon such information and belief

16  alleges Defendant is also a national debt collection company that continuously and

17  systematically engages in its business of collecting debts from within the State of

18  California and in the United States.

19  7.  The true names and capacities of Defendants named herein as DOES 1

20  through 10 are unknown to Plaintiff, who therefore sues these Defendants by such

21  fictitious names.  Plaintiff will amend the Complaint to show the true names and

22  capacities of such DOES when they have been ascertained.  Upon information and

23  belief, Plaintiff alleges that each of DOES 1 through 10 was responsible in some

24  manner for the occurrences, acts, and transactions herein alleged, and that Plaintiff's

25  damages and violations of Plaintiff's rights were proximately caused by such

26  Defendants.

27  8.  Upon information and belief, Plaintiff alleges that at all times mentioned

28  Defendants were the agents, servants, representatives, partners and/or employees of

1

Complaint Pursuant to the
Telephone Consumer Protection Act 47 U.S.C. § 227 et seq.

1  co-Defendants, and, by engaging in the actions mentioned below, were, unless

2  otherwise alleged, acting within the course and scope of their authority as such agent,

3  servant, representative, partner, and/or employee, with the permission and consent of

4  co-Defendants.

5      9.      Any allegations about acts of any corporate or other business Defendants

6  means that the corporation or other business did the alleged acts through its officers,

7  directors, employees, agents, and/or representatives, while they were acting within the

8  actual or ostensible scope of their authority.

9                     **JURISDICTION AND VENUE**

10     10.     This action arises out of Defendant's repeated violations of the

11  Telephone Consumer Protection Act, 47 U.S.C. § 227, <u>et</u> <u>seq.</u> ("TCPA").  Pursuant to

12  28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises

13  under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

14     11.     Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial

15  part of the events giving rise to this claim occurred in this judicial district.

16                     **DEMAND FOR JURY TRIAL**

17     12.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on

18  all issues so triable. *US Const. amend. 7.  Fed.R.Civ.P. 38*.

19                 **DEFENDANT CHRYSLER'S BUSINESS**

20     13.     CHRYSLER's primary business is extension of credit to distressed

21  consumers and the collection of past due debts.

22     14.     In connection with CHRYSLER's business, Defendant places telephone

23  calls using a "predictive dialer" and/or an artificial or prerecorded voice.

24     15.     "[A] predictive dialer is equipment that dials numbers and, when certain

25  computer software is attached, also assists telemarketers in predicting when a sales

26  agent will be available to take calls.  The hardware, when paired with certain software,

27  has the capacity to store or produce numbers and dial those numbers at random, in

28  sequential order, or from a database of numbers." *In the Matter of Rules and*

Complaint Pursuant to the
Telephone Consumer Protection Act 47 U.S.C. § 227 et seq.

*Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 13, ¶ 13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); see also *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

## FACTUAL ALLEGATIONS

16.     Beginning in and around August 23, 2015, Defendant contacted Plaintiff on her cellular telephone in an attempt to collect an alleged outstanding debt.

17.     Defendant called or attempted to call Plaintiff from the telephone number (855) 563-5635 which appeared on Plaintiff's cellular phone.

18.     Plaintiff was the subscriber to the Cellular telephone number (818) XXX-4216 Defendant called at the time of each call ("Plaintiff's Number"). At no time had Plaintiff provided express consent to Defendant to call Plaintiff's Number.

19.     On September 10, 2015, at approximately 11:04 a.m., Plaintiff's Number (818) XXX-4216 received a call from (855) 563-5635.  Plaintiff answered the call. A female caller asked for a person who is not Plaintiff.  Plaintiff asked who was calling and the caller told Plaintiff she was Christina calling from Chrysler Capital.  Plaintiff told her to stop calling.

20.     On September 15, 2015, at approximately 12:10 p.m., Plaintiff's Number (818) XXX-4216 received a call from (855) 563-5635.  Plaintiff answered the call. After several seconds of silence a female caller asked for a person who is not Plaintiff. Plaintiff asked who was calling and from where and the caller told Plaintiff she was Christina calling from Chrysler Capital. Plaintiff told her again to stop calling.

21.     On September 23, 2015, at approximately 8:00 a.m., Plaintiff's Number (818) XXX-4216 received a call from (855) 563-5635. Plaintiff answered the call.  A female caller asked for a person who is not Plaintiff.  Plaintiff asked who was calling

1    and from where and the caller told Plaintiff she was Christina calling from Chrysler

2    Capital.  Plaintiff told her again to stop calling.

3         22.    On October 17, 2015, at approximately 8:41 a.m., Plaintiff's Number

4    (818) XXX-4216 received a call from (855) 563-5635. Plaintiff answered the call. A

5    male caller asked for a person who is not Plaintiff.  Plaintiff asked who was calling.

6    The caller identified himself as Bobby and that he was calling on a business matter.

7    Plaintiff asked the caller from where.  The caller told Plaintiff he was calling from

8    Chrysler Capital.  Plaintiff told the male caller to stop calling.

9         23.    At no time after Defendant began calling Plaintiff's Number has Plaintiff

10   provided express consent to Defendant to call Plaintiff's Number.

11        24.    Plaintiff's Number is assigned to a telephone service for which Plaintiff

12   is charged for the call.

13        25.    As of the date on which this complaint is being filed, Defendant placed at

14   least forty (40) telephone calls to Plaintiff's Number using a predictive dialer and/or

15   an artificial or prerecorded voice.

16   **APPLICABLE LAW**

17        26.    In 1991, the Telephone Consumer Protection Act (TCPA), 47 U.S.C.A. §

18   227, was enacted by Congress in response to voluminous consumer complaints about

19   abuses of telephone technology. The purpose and history of the TCPA indicate that

20   Congress was trying to prohibit the use of Automatic Telephone Dialing Systems

21   (ATDSs) to communicate by telephone in a manner that would be an invasion of

22   privacy. Thus, the Act is aimed at "protect[ing] the privacy interests of residential

23   telephone subscribers by placing restrictions on unsolicited, automated telephone calls

24   to the home and to facilitate interstate commerce by restricting certain uses of

25   facsimile machines and automatic dialers." S. Rep. No. 102-178, at 1 (1991), reprinted

26   in 1991 U.S.C.C.A.N. 1968 [quoted in *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d

27   946, 954 (9th Cir. 2009)].

28        27.    The TCPA provided that it is unlawful for any person within the United

Complaint Pursuant to the
Telephone Consumer Protection Act 47 U.S.C. § 227 et seq.

States to (1) make any call using any automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice (2) without the prior express consent of the called party. Section 227 of the act defined ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator, and (B) to dial such numbers"

28.     Over the years, the telemarketing industry underwent significant changes in technology and methods to invade consumer privacy through automated solicitation and debt collection. By 2003, in response to the increasing consumer complaints and the Federal Communications Commission ("FCC") revised the TCPA and adopted new rules for consumers to combat increasingly sophisticated and increasing number of automated calls to consumers. Some of the adoptions in the 2003 order included a do not call list and FCC clarification as to what constitutes an ATDS. Among several other clarifications, the FCC ordered that predictive dialers[1] have the capacity to store or produce telephone numbers, and are therefore an ATDS under Section 277. This interpretation of the ATDS has been routinely accepted by courts of law throughout the country.

29.     On June 18, 2015, the FCC made another declaratory ruling further reinforcing that an autodialer is any technology with the capacity, whether present or future, to dial random or sequential numbers. This definition ensures that robo-callers cannot skirt consumer consent requirements through changes in calling technology design or by calling from a list of numbers. FCC June 18, 2015 Declaratory Rulings Press Release. The FCC also made clear that a called party may revoke consent to be called at any time and through any reasonable means.

30.     Senator Fritz Hollings, the original sponsor of the TCPA, stated:
Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at

---

[1] A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls.

Complaint Pursuant to the
Telephone Consumer Protection Act 47 U.S.C. § 227 et seq.

night; they force the sick and elderly out of bed; they hound us
until we want to rip the telephone right out of the wall.

137 Cong. Rec. 30,821 (1991).

31.     The TCPA defines an automatic telephone dialing system ("ATDS") as
"equipment which has the capacity…(A) to store or produce telephone numbers to be
called, using a random or sequential number generator; and (B) to dial such numbers."
47 U.S.C. § 227(a)(1).

32.     A predictive dialer is an ATDS within the meaning of the TCPA.  *In the
Matter of Rules and Regulations Implementing the Telephone Consumer Protection
Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 13, ¶ 13; *In the
Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act
of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); see also In the Matter of Rules &
Regulations Implementing the Telephone Consumer Protection Act of 1991, 23
F.C.C. Rcd. 559, 562-63 (2008).
The TCPA provides, in part:

(b)  RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE
EQUIPMENT.—

   1) PROHIBITIONS.—It shall be unlawful for any person within the United
   States, or any person outside the United States if the recipient is within the
   United States—

      (A) to make any call (other than a call made for emergency purposes
      or made with the prior express consent of the called party) using any
      automatic telephone dialing system or an artificial or prerecorded
      voice—

      * * *

         (iii) to any telephone number assigned to a paging service,
         cellular telephone service, specialized mobile radio service, or
         other radio common carrier service, or any service for which
         the called party is charged for the call…

6

(D) to use an automatic telephone dialing system in such a way that two or more telephone lines of a multi-line business are engaged simultaneously.

47 U.S.C. §§ 227(b)(1)(A)(iii) and 227(b)(1)(D)

33.     The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the person or entity subscribing to the called number at the time the telephone call is made. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, pp 40-41, ¶ 73.

34.     A caller that places calls to a reassigned telephone number without the express consent of the called party is deemed to have "constructive knowledge" of the reassignment after one phone call has been placed to that reassigned number. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 40, ¶ 72.

35.     Plaintiff was the "called party" in each telephone call Defendant made to Plaintiff's Number.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. § 227 *et seq.*

36.     Plaintiff incorporates by reference all of the preceding paragraphs of this complaint as though fully set forth above.

37.     Defendant CHRYSLER negligently violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by using an ATDS and/or an artificial or prerecorded voice to call Plaintiff at a telephone number assigned to a service for which Plaintiff is charged for the call without Defendant's prior express consent.

38.     As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B).*

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227 *et seq.***

39.     Plaintiff incorporates by reference all of the preceding paragraphs of this complaint as though fully set forth above.

40.     The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

41.     The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

42.     In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc*. 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).Clark, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar. 19, 2013); *Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).

43.     Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; *see also Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

44.     Defendant CHRYSLER voluntarily placed telephone calls to Plaintiff's

Complaint Pursuant to the
Telephone Consumer Protection Act 47 U.S.C. § 227 et seq.

1  Number using an ATDS and/or an artificial or prerecorded voice.

2      45.   Defendant CHRYSLER further placed telephone calls to Plaintiff's

3  Number using an ATDS and/or an artificial or prerecorded voice after Plaintiff told

4  Defendant to stop calling her.

5      46.   The foregoing acts and omissions of Defendant constitute numerous and

6  multiple knowing and/or willful violations of the TCPA, including but not limited to

7  each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

8      47.   As a result of Defendant's knowing and/or willing violations of *47*

9  *U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages,

10  for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. §*

11  *227(b)(3)(C).*

12      48.   Plaintiff is also entitled to and seek injunctive relief prohibiting such

13  conduct in the future.

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

Complaint Pursuant to the
Telephone Consumer Protection Act 47 U.S.C. § 227 et seq.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment as follows:

a.   An order enjoining Defendant from placing further telephone calls to Plaintiff's Number pursuant to 47 U.S.C. § 227(b)(3).

b.   Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

c.   For such other legal and/or equitable relief as the Court deems appropriate.

DATED: February 22, 2016

The Law Offices of
Joseph R. Manning, Jr., APC

By: */s/ Joseph R. Manning, Jr.*
      Joseph R. Manning, Jr.

Attorneys for Plaintiff
JACQUELINE TAYLOR

Complaint Pursuant to the
Telephone Consumer Protection Act 47 U.S.C. § 227 et seq.